NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ILIANA PATRICIA URBINA-
VASQUEZ; A.A.L-U., C.J.U-V.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4868

Agency Nos.
A220-696-051
A220-696-052
A220-696-053

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2026**

Before: CLIFTON, FRIEDLAND, and BENNETT, Circuit Judges.

Iliana Patricia Urbina-Vasquez is a native and citizen of El Salvador. She

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

dismissing an appeal from an Immigration Judge's ("IJ's") denial of her

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

application for asylum[1], withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's order and any parts of the IJ's decision adopted by the BIA. *Abebe v. Gonzales*, 432 F.3d 1037, 1039–41 (9th Cir. 2005) (en banc). We review legal conclusions *de novo* and factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (as amended). Under the deferential substantial evidence standard, the petitioner must show that the evidence compels the conclusion that the factual findings are erroneous. *Id.*

1. Substantial evidence supports the agency's conclusion that Urbina-Vasquez did not establish that she experienced past persecution committed by the government or by forces that the government was unable or unwilling to control, and thus its decision to deny asylum and withholding of removal. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). The agency first acknowledged that Urbina-Vasquez failed to report any of the threats she received to the police. *See Rahimzadeh v. Holder*, 613 F.3d 916, 922 (9th Cir. 2010), *abrogated on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069–70 (9th Cir 2017) (en banc) ("[T]he IJ treated the failure to report the

---

[1] Urbina-Vasquez's two children are included as dependents in her application for asylum.

persecution as merely one factor in the assessment of the Dutch government's willingness and ability to control private extremists, not as a per se bar to asylum."). As such, to maintain a claim for past persecution, she was required to "convincingly establish that [filing a report] would have been futile or have subjected [her] to further abuse." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). Upon reviewing the country conditions reports submitted by Urbina-Vasquez, the agency appropriately determined that she did not convincingly establish that the police or other authorities would not have helped her. Substantial evidence supports the agency's conclusion.

2. In addition, substantial evidence supports the agency's decision to deny Urbina-Vasquez protection under CAT. To qualify for CAT protection, Urbina-Vasquez must establish, among other criteria, a clear probability of torture by or with the acquiescence of an El Salvadoran official. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The agency appropriately found that, for the reasons underpinning the denial of Urbina-Vasquez's applications for asylum and withholding of removal, she failed to demonstrate an adequate likelihood that she would be tortured in El Salvador. Further, because Urbina-Vasquez did not suffer harm rising to the level of persecution required for her asylum and withholding of removal claims, she did not suffer harm rising to the level of torture. *See Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is 'more severe than

3

persecution.'") (citing *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)).

**PETITION DENIED.** [2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. No. 2, is otherwise denied.